

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00078-CR

———————————————

RICHARD SANTANA LOZA, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1628436D

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

A jury convicted Appellant Richard Santana Loza of the offenses of continuous sexual abuse of a child, a first-degree felony, and indecency with a child by contact, a second-degree felony. *See* Tex. Penal Code Ann. §§ 21.02(b) (continuous sexual abuse of a child), 21.11(a)(1) (indecency with a child by contacting the breast); *see also id.* § 21.02(c)(2) (providing that indecency with a child by contacting the breast is excluded from offenses that qualify for the offense of continuous sexual abuse of a child). The jury assessed Loza's punishment for the continuous-sexual-abuse-of-a-child offense at 60 years' imprisonment. *See id.* § 21.02(h) (punishment range for continuous sexual abuse of a child). As for the indecency-with-a-child-by-contact offense, after finding an enhancement paragraph true, the jury assessed his punishment at 50 years' confinement. *See id.* § 12.42(c) (punishment range for enhanced second-degree felony is that of a first-degree felony). The trial court sentenced Loza accordingly and ordered the sentences to run consecutively. *See id.* § 3.03(b)(2)(A).

Loza's court-appointed appellate attorney filed a motion to withdraw as counsel because he had determined that Loza's appeal was frivolous and, in support of that motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). With one exception, counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why

there are no arguable grounds for relief.[1]  *See id.* at 741–42, 87 S. Ct. at 1399.  Loza

had the opportunity to file a pro se response to the *Anders* brief but did not do so.

The State filed a letter brief stating that it agreed with appellate counsel's

determination that the appeal was wholly frivolous.

We have carefully reviewed the record and counsel's brief and have determined

that this appeal is wholly frivolous and without merit.  We find nothing in the record

that might arguably support the appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28

(Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim.

App. 2006).

---

[1]In counsel's letter to Loza advising him of his rights, counsel informed Loza that if he wanted to file a petition for discretionary review, he must file his petition in the court of appeals within 30 days of the mandate's issuance.  This information is incorrect.  A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  Tex. R. App. P. 68.3.  And a petition for discretionary review must be filed "within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals."  Tex. R. App. P. 68.2(a).  We overlook this mistake, however, because by rule, within five days after we hand down our opinion, counsel is required to "send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."  Tex. R. App. P. 48.4.  Accordingly, although counsel provided Loza incorrect information in his *Anders* letter, we have provided Loza with the correct information here, and we are confident that counsel will provide Loza the correct information when complying with Rule 48.4.  *See Barner v. State*, No. 02-22-00043-CR, 2023 WL 164088, at *1 n.1 (Tex. App.—Fort Worth Jan. 12, 2023, no pet.) (mem. op., not designated for publication).

We grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 13, 2023